UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH PRESTIA,

                                      Plaintiff,

v.                                                                                      6:13-CV-1559

                                                                                                  (MAD/TWD)

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF PETER W. ANTONOWICZ<br>*Counsel for Plaintiff*<br>148 West Dominick Street<br>Rome, New York, 13440 | PETER W. ANTONOWICZ, ESQ. |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney for the<br> Northern District of New York<br>*Counsel for Defendant*<br>Room 218<br>James T. Foley U.S. Courthouse<br>Albany, New York 12207 | DAVID B. MYERS, ESQ.<br>Special Assistant United States Attorney |
| OFFICE OF GENERAL COUNSEL<br>Social Security Administration<br>26 Federal Plaza, Room 3904<br>New York, New York 10278 | STEPHEN P. CONTE, ESQ.<br>Chief Counsel, Region II |

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

# REPORT AND RECOMMENDATION

    This matter was referred to the undersigned for report and recommendation by the

Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. This case has proceeded in accordance with General Order 18 of this Court which sets forth the procedures to be followed when appealing a denial of Social Security benefits. Both parties have filed briefs. Oral argument was not heard. For the reasons discussed below, it is recommended that the Commissioner's decision be affirmed.

I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is currently 62 years old. (Administrative Transcript at 30, 35.[1]) He completed high school and has an Associate's Degree in Civil Engineering. (T. at 30, 35.) He also has an additional year of college, and has completed computer courses. (T. at 30-31, 35.) His work experience includes the restaurant business where he worked in the kitchen as a chef, and owned his own restaurant. (T. at 35-38.) He has also worked as a census worker for the U.S. Census Bureau and briefly as a bank security guard. (T. at 50-52.) Plaintiff alleges disability due to chronic back pain, right shoulder pain, heart problems, and left side chest discomfort. (T. at 39-40, 153, 181.)

Plaintiff applied for disability insurance benefits on January 3, 2011, alleging disability as of December 29, 2010. (T. at 12, 149.) The application was initially denied on August 1, 2011. (T. at 56.) Plaintiff requested a hearing which was held on September 10, 2012, before Administrative Law Judge ("ALJ") Elizabeth W. Koennecke, who denied the application in a decision dated October 12, 2012. (T. at 12-20, 26-55.) Plaintiff's last date insured, based upon

---

[1] The Administrative Transcript is found at Dkt. No. 11. Citations to the Administrative Transcript will be referenced as "T" herein.

his earnings record, is December 31, 2015. (T. at 13, 149.) On November 13, 2013, ALJ Koennecke's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (T. at 1-6.) Plaintiff commenced this action on December 18, 2013. (Dkt. No. 1.)

## II. APPLICABLE LAW

### A. Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2006). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§ 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social Security Administration ("S.S.A.") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920(a)(4) (2013). Under that five-step sequential evaluation process, the decision-maker determines:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or

> equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014.) "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (quoting *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)). If the plaintiff-claimant meets his or her burden of proof, the burden shifts to the defendant-Commissioner at the fifth step to prove that the plaintiff-claimant is capable of working. *Id.* (quoting *Perry v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)).

### B. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citation omitted). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42

U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010);[2] *see Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be 'more than a mere scintilla' of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## III. THE ALJ'S DECISION

The ALJ considered the evidence of record and found at step one of the sequential

---

[2] On Lexis, this published opinion is separated into two documents. The first is titled *Roat v. Barnhart*, 717 F. Supp. 2d 241, 2010 U.S. Dist. LEXIS 55442 (N.D.N.Y. June 7, 2010). It includes only the district judge's short decision adopting the magistrate judge's report and recommendation. The second is titled *Roat v. Commissioner of Social Security*, 717 F. Supp. 2d 241, 2010 U.S. Dist. LEXIS 55322 (N.D.N.Y. May 17, 2010). It includes only the magistrate judge's report and recommendation. Westlaw includes both the district court judge's decision and the magistrate judge's report and recommendation in one document, titled *Ross v. Barnhart*, 717 F. Supp. 2d 241 (N.D.N.Y. 2010). The Court has used the title listed by Westlaw.

evaluation that Plaintiff had not engaged in substantial gainful activity at any time during the relevant period. (T. at 15.) At step two, the ALJ determined that Plaintiff's lumbar facet arthropathy and osteoarthritis of the right shoulder were severe impairments. (T. at 15-16.) The ALJ concluded at step three that Plaintiff's impairments, either singly or in combination, did not meet or equal the criteria of any impairment in the Listing of Impairments. (T. at 16-17.) The ALJ then determined that Plaintiff had the RFC to lift and carry ten pounds, stand and walk for a total of two hours, and sit for a total of six hours in an eight-hour workday. (T. at 17.) At step four, the ALJ concluded that Plaintiff could perform his past relevant work as a census worker as he performed the position. (T. at 19-20.) Accordingly, the ALJ found Plaintiff not disabled at step four. (T. at 20.)

## IV.    THE PARTIES' CONTENTIONS

Plaintiff claims the ALJ's determination that he could perform his past relevant work as a census worker as he performed the position was not supported by substantial evidence and not based upon correct legal standards. (Dkt. No. 15 at 7-10[3].) Plaintiff claims the ALJ erred in failing to obtain more information on how the Plaintiff actually performed the past relevant work, and therefore could not properly determine that the past relevant work met the residual functional capacity ("RFC") assessment as the ALJ determined it. *Id.* Defendant contends that the ALJ's decision applied the correct legal standards and is supported by substantial evidence in the determination that Plaintiff could perform his past relevant work as a census worker and thus it should be affirmed. (Dkt. No. 16 at 5-11.)

---

[3]     Citations to page numbers in the parties' briefs reference the actual page number in the brief, not the page number assigned by the Court's electronic filing system.

## V.  DISCUSSION - PAST RELEVANT WORK

At step four of the sequential evaluation, the ALJ found that Plaintiff was capable of performing his past relevant work as a census worker. (T. at 19.) To satisfy the statutory definition of disability, the claimant must be not only unable to do their previous work but also unable to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B) (2012). At step four of the five step process the ALJ asks whether the claimant can perform former relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). An individual retains the ability to perform his past relevant work when he can perform the functional demands and duties of the job either as he generally performed them, or as generally required by employers throughout the national economy. *See* 20 C.F.R. § 404.1560(b)(2).

Plaintiff testified that he was a census worker in 2000, 2009, and 2010. (T. at 50-53.) Clearly, the Plaintiff performed the work within the past fifteen years. *See* 20 C.F.R. § 404.1560(b)(1). Additionally, the ALJ considered that the job of a census worker is not available all of the time. (T. at 20.) However, citing *Barnhart, supra*, 540 U.S. 20, the ALJ correctly noted "that a claimant can be found capable of performing his past relevant work even if that previous job, such as an elevator operator, no longer exists." (T. at 20.) Moreover, Plaintiff does not assert the census worker position was not substantial gainful activity based upon his earnings therefrom. Nevertheless, the Court has reviewed Plaintiff's earnings records which indicate he was paid $5,830.13 for his census work in 2000, $5680.96 for his census work in 2009, and

7

$12,161.05 for his census work in 2010. (T. at 127-28.) Based upon the Social Security's delineation of substantial gainful activity levels for those years, the Court finds that Plaintiff performed the job as a census worker at the requisite levels and therefore it meets the requirements of substantial gainful activity.[4] Moreover, the Plaintiff performed the census work during three separate periods within the past fifteen years. (T. at 50-53.) Therefore, the record supports the ALJ's finding that the position was substantial gainful activity as past relevant work performed long enough to learn. (T. at 19.)

Additionally, Plaintiff's argument that the census work was part-time is not persuasive. (Dkt. No. 15 at 9.) "[E]ven if the claimant cannot work the equivalent of 8 hours a day, for 5 days a week, '[p]art-time work *that was substantial gainful activity*, performed within the past 15 years, and lasted long enough for the person to learn to do it constitutes past relevant work, and an individual who retains the RFC to perform such work must be found not disabled.'" *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (citing S.S.R. 96-8p, 1996 WL 374184, at *8 n.2 (S.S.A. July 2, 1996)) (emphasis in original).

Plaintiff argues that the ALJ's RFC finding does not support the exertional level of a census worker as categorized in the description of the work in the U.S. Department of Labor's *Dictionary of Occupational Titles* ("DOT") which categorizes the job as light exertional work that requires walking for greater than two hours. (Dkt. No. 15 at 8, citing DOT code 205.367-054.) Plaintiff also argues that the work he did as a census worker appear to be two different jobs since one was supervisory, and the ALJ failed to differentiate which job as a census worker

---

[4] *See* Substantial Gainful Activity, *Official Website of the Social Security Administration*, http://www.socialsecurity.gov/OACT/COLA/sga.html (last visited 3/4/2015) (SGA Table, non-blind category).

the Plaintiff could perform. *Id.* at 9. The Commissioner argues that the ALJ properly found Plaintiff could perform his past relevant work as a census worker because the Plaintiff testified the jobs were exertionally "the same" and the ALJ properly found he could perform the requirements of the job of a census worker as Plaintiff performed them. (Dkt. No. 16 at 7-11.) The Court agrees with the Commissioner.

Plaintiff described the job as follows:

> Q: All right. After you had the bypass in 2000 in addition to working at Ventura's did you work for the Census?
>
> A: Part-time. Yes. Because the work involved it didn't really interfere with my back or anything. I would sit down, slow walking to, you know, the doors. There was no heavy lifting or anything involved. It was just to supplement my income because I was only working part-time. I worked in the 2000 and 2010 census because of that reason.
>
> Q: You didn't have to carry anything?
>
> A: No. Nothing -- 15, 25 pounds, no. There was a little folder - - that's - -
>
> \* \* \*
>
> Q: [INAUDIBLE] 2010 the Department of Commerce was paying you?
>
> A: The Census Bureau - - same - -
>
> Q: Oh, you did the census work again?
>
> A: Yeah. It was the same. I mean, I remember from 2000 and you know, I put in for a position and I ended up after - - I worked in 2009 I worked for two and a half months. You know, it was on a part-time basis. And then I put in for a supervision position because I - - the work that was involved, it didn't require me to stand up for any particular length of time, you know, and just handle paperwork.

9

> Q: So the supervisor in 2010 was - -
>
> A: Yes.
>
> Q: Just paperwork? Less work?
>
> A: Yeah. Collect the information that the enumerators gathered and take it down to the office. You know, no heavy lifting or anything like that.

(T. at 50-53.)

As noted above, at step four in the analysis, the ALJ must consider whether the plaintiff has the RFC to perform his or her past relevant work. 20 C.F.R. §404.1520(a)(4)(iv). In order to survive step four, "the claimant has the burden to show an inability to return to her previous specific job *and* an inability to perform her past relevant work generally. This inquiry requires separate evaluations of the previous specific job and the job as it is generally performed." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003) (citations omitted). Here, the ALJ found that Plaintiff could perform his past relevant work as a census worker as "this job was actually performed by the claimant, [it] required the claimant to perform no lifting or carrying, perform no standing, and just do paperwork at a desk." (T. at 20.)

In determining whether a claimant can perform his or her past relevant work as generally performed, "[t]he inquiry . . . is not whether a claimant is able to perform the duties of her previous job, but whether the claimant is able to perform the duties associated with her previous 'type' of work." *Halloran v. Barnhart,* 362 F.3d 28, 33 (2d Cir. 2004) (finding that plaintiff could perform her prior work as a computer operator because she could perform the sedentary work required of her "previous 'type' of work," even though she could not sit continuously for eight hours as specifically required by her previous job) (citation omitted). Social Security

rulings and regulations permit an ALJ to find a claimant capable of performing past relevant work as he actually performed it or as the position is generally required by employers throughout the national economy. *See* 20 C.F.R. §404.1560(b); S.S.R. 82-61, 1982 WL 31387, at *1-2 (S.S.A. Aug. 20, 1980). The DOT is used to describe jobs "as they are generally performed." *Jasinski,* 341 F.3d at 185. As noted above, the ALJ found Plaintiff capable of performing sedentary work and the DOT describes the job of census worker as light work.

Here, however, Plaintiff described the manner in which he performed the work in 2000 as "it didn't interfere with my back or anything. I would sit down, slow walking to, you know, the doors. There was no heavy lifting or anything involved." (T. at 50.) He apparently did not have to lift or carry anything other than "a little folder." *Id.* at 51. Regarding the exertional demands of the job as a census worker in 2009 and 2010, Plaintiff testified that "it was the same" as in 2000. (T. at 52.) He put in for a supervisor position because "it didn't require me to stand up for any particular length of time" and he would "just handle paperwork." *Id.* He would collect information, take it to the office, and there was "no heavy lifting or anything like that" involved. (T. at 53.)

The Court finds that substantial evidence, based upon the Plaintiff's testimony, supports the ALJ's determination that Plaintiff could perform the duties of his previous type of work as a census worker, whether a supervisor or otherwise, notwithstanding the ALJ's RFC determination of Plaintiff's exertional abilities as sedentary work and the DOT classification of the job as light work. The record supports the finding that the Plaintiff could perform the position as he actually performed it. *See* 20 C.F.R. 404.1560(b); S.S.R. 82-61. The job as done in 2000 didn't interfere with his back, he had slow walking to doors, and there was not any heavy lifting; and in 2009 and

11

2010 it was the same --- it didn't require him to stand for any particular length of time, he just handled paperwork, and it didn't have any heavy lifting. (T. at 50, 52-53.) Plaintiff's description of his position as a census worker is consistent with his RFC. *Id.*; *see also* T. at 17.

Accordingly, the ALJ's finding that Plaintiff could perform his past relevant work as a census worker is supported by substantial evidence and the determination by the ALJ that Plaintiff is not disabled within the meaning of the Social Security Act should be affirmed.

**WHEREFORE,** it is hereby

**RECOMMENDED**, that the Commissioner's decision be affirmed and Defendant's motion for judgment on the pleadings be **GRANTED** and the complaint (Dkt. No. 1) be **DISMISSED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: March 5, 2015
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge