**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOSEPH PRESTIA,**

                **Plaintiff,**

  vs.                                             6:13-cv-01559
                                                      (MAD/TWD)

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

                **Defendant.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**THE LAW OFFICE OF PETER W.**         **PETER W. ANTONOWICZ, ESQ.**
**ANTONOWICZ, ESQ.**
148 West Dominick Street
Rome, New York 13440
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **DAVID B. MYERS, ESQ.**
Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the

Commissioner of Social Security's ("Commissioner") decision to deny his application for

Disability Insurance Benefits ("DIB"). This matter was referred to United States Magistrate

Judge Thérèse Wiley Dancks for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)

and Local Rule 72.3(d), familiarity with which is assumed. Magistrate Judge Dancks

recommended that this Court affirm the Commissioner's decision denying Plaintiff's application

for benefits and dismiss the complaint. *See* Dkt. No. 17. Presently before the Court are Plaintiff's objections to the Report and Recommendation. *See* Dkt. No. 18.

## II. BACKGROUND

Plaintiff applied for DIB on January 3, 2011, alleging a disability onset date of December 29, 2010. *See* Dkt. No. 9, Administrative Transcript ("T."), at 12, 117-22. The application was initially denied on August 1, 2011. *See id.* at 63-68. Plaintiff requested a hearing, which was held on September 10, 2012 before Administrative Law Judge Elizabeth W. Koennecke ("ALJ"). *See id.* at 26-55. The ALJ issued a decision on October 10, 2012, finding that despite severe impairments – lumbar facet arthropathy and osteoarthritis of the right shoulder – Plaintiff was not disabled. *See id.* Request for review by the Appeals Council was timely filed (*see id.* at 7-8) and, on November 13, 2013, the request was denied rendering the ALJ's decision the Commissioner's final decision. *See id.* at 1. Plaintiff commenced this action for judicial review of that decision by filing a complaint on December 18, 2013, *see* Dkt. No. 1, and both parties moved for judgment on the pleadings. *See* Dkt. Nos. 15, 16.

## III. DISCUSSION

### A.     Standard of Review

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *See Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009), *cert. denied*, 559 U.S. 962 (2010); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more

than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a Magistrate Judge's Report and Recommendation to which a party specifically objects. Failure to timely object to any portion of a Magistrate Judge's Report and Recommendation operates as a waiver of further judicial review of those matters. *See Roland v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). "To the extent, . . . that [a] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Watson v. Astrue*, No. 08 Civ. 1523, 2010 WL 1645060, *1 (S.D.N.Y. Apr. 22, 2010) (citing, *inter alia, Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (observing that "[r]eviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing

of the same arguments set forth in the original petition") (citation and internal quotation marks omitted)).

**B.     Report and Recommendation**

In her March 5, 2015 Report and Recommendation, Magistrate Judge Dancks found that the ALJ applied the correct legal standard when she determined that Plaintiff's past work as a census worker was substantial gainful activity and that work qualified as past relevant work, even though it had been performed on a part-time basis. *See* Dkt. No. 17.  Further, according to Magistrate Judge Dancks, the ALJ was only required to find that Plaintiff was able to perform past relevant work, either as he had performed it *or* as that work is generally performed. *See id.* Magistrate Judge Dancks found that substantial evidence supported the ALJ's the determination that Plaintiff could perform past relevant work as a census worker as he had previously performed it. *See id.*

Having carefully reviewed Magistrate Judge Dancks' Report and Recommendation, the parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Dancks correctly determined that the ALJ applied the correct legal standards in finding that Plaintiff's employment as a census worker qualified as substantial gainful activity and past relevant work. The Court also concludes that substantial evidence supports the ALJ's determination that Plaintiff could perform his past relevant work as a census worker as he had performed it.  As such, the Court finds that Magistrate Judge Dancks correctly determined that the decision of the Commissioner should be affirmed.

**C.     Plaintiff's objections**

Initially, the Court finds that Plaintiff's objections to the Report and Recommendation have been inappropriately submitted *pro se*. *See* Dkt. No. 18.  Plaintiff is currently represented by

counsel in this Court, and Plaintiff's counsel has not filed motion for withdrawal as counsel. *See* N.D.N.Y. L.R. 83.2 (setting forth process for withdrawal of an attorney). There is no affirmative right to *pro se* submissions when a party is represented by counsel, *see Mitchell v. Senkowski*, 489 F. Supp. 2d 147, 149-50 (N.D.N.Y. 2006) (rejecting the plaintiff's *pro se* filings in a civil action where the plaintiff was represented by counsel), and "[a] district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel." *United States v. Tracy*, 99 F2d 1279, 1285 (1st Cir. 1993) (finding that there was no abuse of discretion when the district rejected *pro se* motions from a represented party).

In its discretion, the Court has reviewed Plaintiff's objections to the Report and Recommendation. Plaintiff has raised two claims in his objections to the Report and Recommendation that were not raised in his motion to Magistrate Judge Dancks and, accordingly, were not address in the Report and Recommendation. The Court rejects Plaintiff's newly-raised claims because they were not presented to Magistrate Judge Dancks and, therefore, not timely made. Rule 72(b)(2) of the Federal Rules of Civil Procedure permits a party to file specific written objections to the proposed findings and recommendations of the Magistrate Judge, but "Rule 72(b) does not provide that new claims may be raised in objections to a report and recommendation." *See Pierce v. Mance*, No. 08 Civ. 4736, 2009 WL 1754904, *1 (S.D.N.Y. June 22, 2009). New theories may not be presented with, or in the form of, objections, and these new theories should be rejected. *See Kaminski v. City of Utica*, No. 9:10CV0895, 2012 WL 4486071, *1-2 (N.D.N.Y. Sept. 27, 2012) (citing *Green v. City of New York*, No. 05CV429, 2010 WL 148128, *4 (E.D.N.Y. Jan. 14, 2010)); *Calderon v. Wheeler*, No. 9:06CV0963, 2009 WL 2252241, *1, n.1 (N.D.N.Y. July 28, 2009); *Pierce*, 2009 WL 1754904, at *1. "If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the

5

Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments." *Abu-Nassar v. Elders Futures, Inc.*, No. 88 Civ. 7906, 1994 WL 445638, *4, n.2 (S.D.N.Y. Aug. 17, 1994).

In the alternative, the Court has considered Plaintiff's newly-made claims. Plaintiff contends that he did not receive effective assistance of counsel at his hearing. *See* Dkt. No. 18. Specifically, Plaintiff claims that his counsel only met with him for two preparation meetings and his counsel advised him to sit and listen so he was only able to say few words at the hearing. *See id.*

> A claimant in a social security matter has a statutory and regulatory right to representation. However, this right falls well below the standard of right to counsel established by the Sixth Amendment for criminal cases. *See Evangelista v. Secretary of Health and Human Servs.,* 826 F.2d 136, 142 (1st Cir. 1987). Nonetheless, . . . federal courts have found ineffective assistance of counsel in the social security disability context as a grounds for remand. *See, e.g., Arms v. Gardner*, 353 F.2d 197, 199 (6th Cir. 1965) (remanding where claimant's attorney "took no part in examination of witnesses, offered no testimony on [claimant's] behalf and gave the [claimant] no apparent legal assistance in the preparation of the case, admitting o[n] the record that he knew very little about Social Security laws."); *Tillman v. Weinberger*, 398 F. Supp. 1124, 1129 (N.D. Ind. 1975) (remanding where claimant's representative failed to show up for the proceeding, sending instead "a law student or law graduate"); *Kelley v. Weinberger*, 391 F.Supp. 1337, 1343–44 (N.D. Ind. 1974) (remanding where claimant's representative failed "to develop evidence concerning the claimant's difficulty in performing his daily activities" and failed to object to improper questions).

*Melton v. Colvin*, No. 13-CV-6188, 2014 WL 1686827, *9 (W.D.N.Y. Apr. 29, 2014). Upon review of the administrative hearing transcript, the Court finds the following: (1) Plaintiff's counsel responded accurately to the ALJ's inquiry about outstanding medical evidence; (2) Plaintiff's counsel gave an opening statement, demonstrating his factual knowledge of Plaintiff's medical and employment history; (3) Plaintiff's counsel questioned Plaintiff during the hearing

6

developing evidence of Plaintiff's impairments; (4) Plaintiff's responses were appropriate and did not reflect unpreparedness; and (5) Plaintiff responded appropriately to the ALJ's examination about his employment history. *See id.* at 26-55. The hearing transcript does not raise any concern that Plaintiff did not receive the effective assistance of counsel at his social security hearing. *See id.* To the contrary, the hearing transcript demonstrates that counsel appropriately advocated for Plaintiff. *See id.* The Court finds that Plaintiff had a full and fair administrative hearing, and the contentions raised in Plaintiff's objections are not supported by the hearing transcript. *See Melton*, 2014 WL 1686827, at *9-10.

Plaintiff further contends that his disability claim was denied because the medical evidence did not contain a comprehension physical examination report by his physician, Dr. Jeffrey Richter, which Plaintiff's counsel had requested. *See* Dkt. No. 18; T. at 29. Dr. Richter submitted a very brief medical note with Plaintiff's subjective complaints, which was just prior to Dr. Richter's retirement, according to Plaintiff. *See* T. at 513. However, Plaintiff's medical evidence was expansive and also included an independent medical examination by Dr. Justine Magurno. *See id.* at 252-56. In addition, the administrative record contained Plaintiff's medical records from Syracuse VA Medical Center, which contained Plaintiff's treatment for primary care – including Dr. Richter's, physical medicine, urology, surgery, orthopedic, and emergency room records, among others. *See id.* at 279-513, 535-644, 652-922. These treatment records spanned the period from the onset of disability, December 29, 2010, through June 2012. *See id.* The Court finds that a more substantive statement from Plaintiff's primary care physician, Dr. Richter, does not direct remand under these circumstances.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-state reasons, the Court hereby

**ORDERS** that Magistrate Judge Thérèse Wiley Dancks' March 5, 2015 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the decision denying benefits is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**, and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 27, 2015
　　　　Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge