**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOSEPH PRESTIA,**

         **Plaintiff,**

 vs.                 **6:13-cv-01559
                         (MAD/TWD)**

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

         **Defendant.**
_____

**APPEARANCES:**          **OF COUNSEL:**

**JOSEPH M. PRESTIA**
1185 Kossuth Avenue
Utica, New York 13501
Plaintiff *Pro Se*

**SOCIAL SECURITY ADMINISTRATION**  **DAVID B. MYERS, ESQ.**
Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny his application for Disability Insurance Benefits ("DIB"). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed. Magistrate Judge Dancks recommended that this Court affirm the Commissioner's decision denying Plaintiff's application for benefits and dismiss the complaint. *See* Dkt. No. 17. The Court adopted the entire Report and

Recommendation and entered judgment in favor of Defendant on March 27, 2015. *See* Dkt. No. 20. Presently before the Court is Plaintiff's motion for reconsideration.

## II. BACKGROUND

Plaintiff applied for DIB on January 3, 2011, alleging a disability onset date of December 29, 2010. *See* Dkt. No. 9 at 12, 117-22. The application was initially denied on August 1, 2011. *See id.* at 63-68. Plaintiff requested a hearing, which was held on September 10, 2012 before Administrative Law Judge Elizabeth W. Koennecke ("ALJ"). *See id.* at 26-55. The ALJ issued a decision on October 10, 2012, finding that despite severe impairments – lumbar facet arthropathy and osteoarthritis of the right shoulder – Plaintiff was not disabled. *See id.* Request for review by the Appeals Council was timely filed, *see id.* at 7-8, and, on November 13, 2013, the request was denied rendering the ALJ's decision the Commissioner's final decision. *See id.* at 1.

Plaintiff commenced this action for judicial review of that decision by filing a complaint on December 18, 2013, *see* Dkt. No. 1, and both parties moved for judgment on the pleadings. *See* Dkt. Nos. 15, 16. Adopting Magistrate Judge Dancks Report and Recommendation, the Court entered judgment in favor of Defendant on March 27, 2015. *See* Dkt. Nos. 20; 21. Plaintiff filed a motion for reconsideration on March 25, 2016.

## III. DISCUSSION

Motions for reconsideration can be made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") only where there subject order is final. *See New York State Corr. Officers & Police Benevolent Ass'n, Inc. v. New York*, No. 1:11–CV–1523, 2013 WL 3450383, *3 (N.D.N.Y. July 9, 2013). Rule 60(b) provides that

> [o]n motion and just terms, the court may relieve a party or its legal representation from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

2

> neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief.

*See also Mikol v. Barnhart*, 554 F. Supp. 2d 498, 504 (S.D.N.Y. 2008) (stating that Rule 60(b)(2) applies to social security appeals even though there are no trials). Motions for reconsideration "may not be used as a substitute for a timely appeal." *Nemaizer v Baker*, 793 F.2d 58, 61 (2d Cir. 1986). A motion for reconsideration is also not a procedure to re-litigate issues already decided. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* The Second Circuit describes the relief as "extraordinary judicial relief" that is appropriate "only upon a showing of exceptional circumstances." *Nemaizer*, 793 F.2d at 61.

In this case, the bases for Plaintiff's request for reconsideration are not clear. *See* Dkt. No. 22. He raises three factual circumstances in this motion. Plaintiff claims that his attorney did not submit a report after the initial determination in 2011, that he was only seeking part-time employment through a vocational rehabilitation program, and that he was disapproved on the application at issue in this case but approved on a subsequent application. *See* Dkt. No. 22 at 1. Plaintiff does not identify the missing report, but he attached several documents to his letter motion. There is no explanation in the motion of the relevance of the attached documents or how the documents support his general request for reconsideration. Moreover, the motion is void of an explanation as to why these facts warrant a re-opening of the Court's order.

3

Among the documents, there is a medical report from Dr. Jeffrey Richter dated December 5, 2011, which for purposes of this motion, the Court infers is the missing report. *See id.* at 4-7. This argument was presented in Plaintiff's objections to the Report and Recommendation, and it was specifically addressed in this Court's Order date March 27, 2015. *See* Dkt. No. 20 at 7. The Court already determined that the absence of another report from Dr. Richter did not require a remand in light of the medical evidence presented, including a statement and medical records from Dr. Richter. *See id.* As a result, the Court declines to allow Plaintiff to relitigate this issue on a motion for reconsideration.

With regard to Plaintiff's use of a vocational rehabilitation program to seek part-time work, the Court is unable to discern Plaintiff's contention on this motion for reconsideration. Further, Plaintiff has not directed the Court to evidence that was overlooked or information that would alter the previous Order. On Plaintiff's last point about the approval of a subsequent disability application, the Court infers that Plaintiff is claiming inconsistent results from the same facts. After ostensibly raising this point, Plaintiff fails to provide any details or supporting information about the subsequent disability application or the inconsistencies. *See id.* Accordingly, the Court also denies Plaintiff's motion for reconsideration on Plaintiff's last two points because Plaintiff has failed to make any showing that reconsideration is warranted under Rule 60(b).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-state reasons, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration pursuant to Rule 60(b) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 22, 2016
 Albany, New York

_Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge